B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Denkin LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**32002453911 (Texas State Tax ID)** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**155 N Michigan Ave**<br>**Suite 529**<br>**Chicago, IL**<br><br>ZIP Code  **60601** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):   **1701 Brinker Rd**<br>**Denton, TX 76208** | |

### Type of Debtor
(Form of Organization) (Check one box)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

- ☐ Health Care Business
- ■ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

### Filing Fee (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Denkin LLC** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **H.A. Denton, LLC** | Case Number: **13-_____** | Date Filed: **3/29/13** |
|---|---|---|
| District: **Northern District of Illinois, Eastern Division** | Relationship: **Affiliate** | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>  Signature of Attorney for Debtor(s)            (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)

Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Denkin LLC**

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X  **/s/ George R. Mesires**
Signature of Attorney for Debtor(s)

**George R. Mesires 6276952**
Printed Name of Attorney for Debtor(s)

**Ungaretti & Harris LLP**
Firm Name

**70 W. Madison Street**
**Suite 3500**
**Chicago, IL 60602-4224**
Address

**Email: grmesires@uhlaw.com**
**312-977-4400  Fax: 312-977-4405**
Telephone Number

**March 28, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Jerrold Ruskin**
Signature of Authorized Individual

**Jerrold Ruskin**
Printed Name of Authorized Individual

**Managing Member**
Title of Authorized Individual

**March 28, 2013**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Denkin LLC**

Debtor(s)

Case No.

Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or chapter 9*] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Alan J. Hostetter, Esq.**<br>**5001 Spring Valley Rd**<br>**Ste 1000E**<br>**Dallas, TX 75244** | **Alan J. Hostetter, Esq.**<br>**5001 Spring Valley Rd**<br>**Ste 1000E**<br>**Dallas, TX 75244** | **Legal services** | **Contingent**<br>**Unliquidated** | **15,720.40** |
| **Spotts Fain PC (N. McCullagh Esq.)**<br>**P.O Box 1555 (23218-1555)**<br>**411 E Franklin St, Ste 600**<br>**Richmond, VA 23219** | **Spotts Fain PC (N. McCullagh Esq.)**<br>**P.O Box 1555 (23218-1555)**<br>**411 E Franklin St, Ste 600**<br>**Richmond, VA 23219** | **Legal Services** | **Contingent**<br>**Unliquidated** | **25,820.70** |
| **Texas Comptroller of Public Accts**<br>**Bankruptcy Collections Division**<br>**P.O Box 12548**<br>**Austin, TX 78711-2548** | **Texas Comptroller of Public Accts**<br>**Bankruptcy Collections Division**<br>**P.O Box 12548**<br>**Austin, TX 78711-2548** | **Texas franchise tax reports** | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Unknown** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B4 (Official Form 4) (12/07) - Cont.

In re   **Denkin LLC**                                        Case No. _____
_____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **March 28, 2013**                       Signature   **/s/ Jerrold Ruskin**
_____                       _____
                                                        **Jerrold Ruskin**
                                                        **Managing Member**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois

In re   **Denkin LLC** _____,   Case No. _____

Debtor

Chapter _____ **11** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 8 | 850,000.00 | | |
| B - Personal Property | Yes | 4 | 218,070.77 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 1,078,233.65 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 41,541.10 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 19 | | | |
| Total Assets | | | 1,068,070.77 | | |
| Total Liabilities | | | | 1,119,774.75 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Denkin LLC** _____,    Case No. _____

    Debtor    Chapter _____ **11** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re   **Denkin LLC**                         ,     Case No. _____

                            Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **1701 Brinker Rd, Denton, Texas 76208 (see attached legal description)** | **TRACT I: Fee simple. TRACT II: Non-Exclusive Easements.** | - | 850,000.00 | 1,078,233.65 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Sub-Total > | **850,000.00** | (Total of this page) |
|  | Total > | **850,000.00** | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com            Best Case Bankruptcy

TRACT I:
LOT 2, BLOCK 1 OF WAL-MART ADDITION, AN ADDITION TO THE CITY OF DENTON, DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET L, PAGE 311, PLAT RECORDS. DENTON COUNTY, TEXAS; BEING THE SAME PROPERTY CONVEYED TO SUMITOMO LEASING AND FINANCE, INC., BY DEED FROM PERIMETER PROPERTIES IV, L. P., DATED AUGUST 21, 1997, FILED AUGUST 22, 1997, AND RECORDED UNDER COUNTY CLERK'S FILE NO. 97-R0058067, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS.

TRACT II:
NON-EXCLUSIVE EASEMENTS FOR PEDESTRIAN AND VEHICULAR INGRESS AND EGRESS AND STORM WATER DRAINAGE, CREATED IN ACCESS AND STORM WATER DRAINAGE EASEMENT EXECUTED BY WAL-MART STORES, INC., TO PERIMETER PROPERTIES IV, L.P., DATED JANUARY 30, 1997, FILED FOR RECORD ON FEBRUARY 4, 1997 AND RECORDED UNDER CLERK'S FILE NO. 97-R0007138, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS; AS CORRECTED BY CORRECTION ACCESS AND STORM WATER DRAINAGE EASEMENT DATED OCTOBER 12, 1998, FILED OCTOBER 19, 1998 AND RECORDED IN VOLUME 4199, PAGE 373, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS; CONVEYED TO SUMITOMO LEASING AND FINANCE, INC., BY DEED FROM PERIMETER PROPERTIES IV, L.P., DATED AUGUST 21, 1997, FILED AUGUST 22, 1997, AND RECORDED UNDER COUNTY CLERK'S FILE NO. 97-R0058067, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS; AND BEING LOCATED ON THE FOLLOWING DESCRIBED PARCELS OF LAND:

PARCEL 1:
BEING A 0.15 ACRE TRACT OF LAND SITUATED IN THE J.W. CHEEK SURVEY, ABSTRACT NO. 324, DENTON COUNTY, TEXAS, AND BEING A PORTION OF LOT 1, BLOCK 1, WAL-MART ADDITION, AN ADDITION TO THE CITY OF DENTON, TEXAS, AS RECORDED IN CABINET L, PAGE 311, PLAT RECORDS, DENTON COUNTY, TEXAS, SAID 0.15 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A POINT IN THE EAST RIGHT-OF-WAY LINE OF BRINKER ROAD (70 FOOT PUBLIC R.O.W.) SAID POINT BEING NORTH 00 DEGREES 53 MINUTES 03 SECONDS EAST, A DISTANCE OF 101.38 FEET FROM THE SOUTHWEST CORNER OF THE AFOREMENTIONED LOT 1, BLOCK 1, WAL-MART ADDITION;

THENCE NORTH 00 DEGREES 53 MINUTES 03 SECONDS EAST, ALONG SAID EAST RIGHT-OF-WAY LINE, A DISTANCE OF 67. 86 FEET A POINT AT THE BEGINNING OF A CURVE TO THE LEFT, HAVING A RADIUS OF 40.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 59 DEGREES 59 MINUTES 35 SECONDS EAST, A DISTANCE OF 38.89 FEET;

August 3, 2000                    2

THENCE ALONG SAID CURVE, LEAVING SAID EAST RIGHT-OF-WAY LINE, IN A SOUTHEASTERLY DIRECTION THROUGH A CENTRAL ANGLE OF 58 DEGREES 10 MINUTES 40 SECONDS, AN ARC DISTANCE OF 40.62 FEET TO A POINT FOR CORNER;

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, A DISTANCE OF 6.02 FEET TO A POINT;

THENCE NORTH 00 DEGREES 53 MINUTES 03 SECONDS EAST, A DISTANCE OF 15.00 FEET TO A POINT IN THE SOUTH LINE OF LOT 2, BLOCK 1, OF SAID WAL-MART ADDITION;

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, ALONG SAID SOUTH LINE OF LOT 2, A DISTANCE OF 111.83 FEET TO A POINT;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, LEAVING SAID SOUTH LINE A DISTANCE OF 45.00 FEET TO A POINT;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS WEST, A DISTANCE OF 117.78 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT, HAVING A RADIUS OF 40.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 61 DEGREES 47 MINUTES 43 SECONDS WEST, A DISTANCE OF 38.93 FEET;

THENCE ALONG SAID CURVE, IN A SOUTHWESTERLY DIRECTION, THROUGH A CENTRAL ANGLE OF 58 DEGREES 14 MINUTES 44 SECONDS, AN ARC DISTANCE OF 40.66 FEET TO THE POINT OF BEGINNING AND CONTAINING 6610 SQUARE FEET OR 0.15 ACRES OF LAND.

PARCEL 2:
BEING A 0.39 ACRE TRACT OF LAND SITUATED IN THE J.W. CHEEK SURVEY, ABSTRACT NO. 324, DENTON COUNTY, TEXAS, AND BEING A PORTION OF LOT 1, BLOCK 1, WAL-MART ADDITION, AN ADDITION TO THE CITY OF DENTON, TEXAS, AS RECORDED IN CABINET L, PAGE 311, PLAT RECORD, DENTON COUNTY, TEXAS, SAID 0.39 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A POINT FOR THE MOST SOUTHERLY SOUTHEAST CORNER OF LOT 2, BLOCK 1 OF SAID WAL-MART ADDITION, SAID POINT BEING A COMMON CORNER WITH SAID LOT 1;

THENCE NORTH 30 DEGREES 55 MINUTES 05 SECONDS EAST, ALONG THE SOUTH-EASTERLY LINE OF SAID LOT 2, A DISTANCE OF 86.60 FEET TO A POINT;

August 3, 2000                    3

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, LEAVING SAID SOUTHEASTERLY LINE, A DISTANCE OF 112.32 FEET TO A POINT;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, A DISTANCE OF 120.00 FEET TO A POINT;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS WEST, A DISTANCE OF 155.62 FEET TO A POINT;

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, A DISTANCE OF 45.00 FEET TO THE POINT OF BEGINNING AND CONTAINING 17, 051 SQUARE FEET OR 0.39 ACRES OF LAND.


PARCEL 3:
BEING A 1.09 ACRE TRACT OF LAND SITUATED IN THE J.W. CHEEK SURVEY, ABSTRACT NO. 324, DENTON COUNTY, TEXAS, AND BEING A PORTION OF LOT 1, BLOCK 1, WAL-MART ADDITION, AN ADDITION TO THE CITY OF DENTON, TEXAS, AS RECORDED IN CABINET L, PAGE 311, PLAT RECORDS, DENTON COUNTY, TEXAS, SAID 1.09 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A POINT IN THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF LOOP 288 (120 FOOT PUBLIC R.O.W.), SAID POINT BEING 9.50 FEET ALONG A CURVE TO THE RIGHT HAVING A RADIUS OF 2924.76 FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT 1;

THENCE SOUTH 42 DEGREES 02 MINUTES 08 SECONDS EAST, LEAVING SAID SOUTHEASTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 114.73 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 200.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 20 DEGREES 33 MINUTES 31 SECONDS EAST, A DISTANCE OF 146.45 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 42 DEGREES 57 MINUTES 13 SECONDS, AN ARC DISTANCE OF 149.94 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, A DISTANCE OF 59.94 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 60.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 45 DEGREES 55 MINUTES 05 SECONDS WEST, A DISTANCE OF 84.85 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 90 DEGREES 00 MINUTES 00 SECONDS, AN ARC DISTANCE OF 94.25 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS WEST, A DISTANCE OF 83.72 FEET TO THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 150.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 71 DEGREES 06 MINUTES 03 SECONDS WEST, A DISTANCE OF 101.71 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 39 DEGREES 38 MINUTES 05 SECONDS, AN ARC DISTANCE OF 103.76 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE SOUTH 51 DEGREES 17 MINUTES 00 SECONDS WEST, A DISTANCE OF 134.11 FEET TO THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 150.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 26 DEGREES 06 MINUTES 03 SECONDS WEST, A DISTANCE OF 127.65 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 50 DEGREES 21 MINUTES 55 SECONDS, AN ARC DISTANCE OF 131.86 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, A DISTANCE OF 200.68 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 60. 00 FEET AND WHOSE LONG CHORD BEARS SOUTH 45 DEGREES 55 MINUTES 05 SECONDS WEST, A DISTANCE OF 84.85 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 90 DEGREES 00 MINUTES 00 SECONDS, AN ARC DISTANCE OF 94.25 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, A DISTANCE OF 10.00 FEET TO A POINT IN THE NORTH LINE OF LOT 2, BLOCK 1, OF THE AFOREMENTIONED WAL-MART ADDITION;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS WEST ALONG SAID NORTH LINE, A DISTANCE OF 141.44 FEET TO A POINT;

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, LEAVING SAID NORTH LINE, A DISTANCE OF 10.00 FEET TO A POINT;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS WEST, A DISTANCE OF 11.83 FEET TO THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 35.00 FEET

August 3, 2000                     5

AND WHOSE LONG CHORD BEARS SOUTH 62 DEGREES 55 MINUTES 30 SECONDS WEST, A DISTANCE OF 32.86 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 55 DEGREES 59 MINUTES 10 SECONDS, AN ARC DISTANCE OF 34.20 FEET TO A POINT IN THE EAST RIGHT-OF-WAY LINE OF BRINKER ROAD (70 FOOT PUBLIC R.O.W.);

THENCE NORTH 00 DEGREES 53 MINUTES 03 SECONDS EAST, ALONG SAID RIGHT-OF-WAY LINE, A DISTANCE OF 11.56 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 865.00 FEET AND WHOSE LONG CHORD BEARS NORTH 02 DEGREES 24 MINUTES 50 SECONDS EAST, A DISTANCE OF 46.19 FEET;

THENCE ALONG SAID CURVE AND SAID RIGHT-OF-WAY LINE THROUGH A CENTRAL ANGLE OF 03 DEGREES 03 MINUTES 35 SECONDS, AN ARC DISTANCE OF 46.19 FEET TO THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 35.00 FEET AND WHOSE LONG CHORD BEARS SOUTH 59 DEGREES 15 MINUTES 56 SECONDS EAST, A DISTANCE OF 34.81 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 59 DEGREES 37 MINUTES 57 SECONDS AN ARC DISTANCE OF 36.43 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, A DISTANCE OF 9.45 FEET TO A POINT;

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, A DISTANCE OF 10.00 FEET TO A POINT IN THE SOUTH LINE OF LOT 3, BLOCK 1 OF THE AFOREMENTIONED WAL-MART ADDITION;

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, ALONG SAID SOUTH LINE, A DISTANCE OF 131.44 FEET TO A POINT;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, LEAVING SAID SOUTH LINE, A DISTANCE OF 10.00 FEET TO A POINT;

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, A DISTANCE OF 10.00 FEET TO A POINT AT THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 35.00 FEET AND WHOSE LONG CHORD BEARS NORTH 45 DEGREES 55 MINUTES 05 SECONDS EAST, A DISTANCE OF 49.50 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 90 DEGREES 00 MINUTES 00 SECONDS, AN ARC DISTANCE OF 54.98 FEET TO A POINT AT THE END OF SAID CURVE;

August 3, 2000

6

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, A DISTANCE OF 10.00 FEET TO A POINT;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS, A DISTANCE OF 10.00 FEET TO A POINT IN THE EAST LINE OF AFOREMENTIONED LOT 2;

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, ALONG SAID EAST LINE, A DISTANCE OF 290.81 FEET TO A POINT FOR THE NORTHEAST CORNER OF SAID LOT 2, AND BEING A COMMON CORNER WITH AFOREMENTIONED LOT 1;

THENCE SOUTH 60 DEGREES 39 MINUTES 25 SECONDS EAST, LEAVING SAID EAST LINE, A DISTANCE OF 35.36 FEET TO A POINT ON A CURVE TO THE RIGHT HAVING A RADIUS OF 175.00 FEET AND WHOSE LONG CHORD BEARS NORTH 40 DEGREES 18 MINUTES 47 SECONDS EAST, A DISTANCE OF 66.60 FEET TO A POINT;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 21 DEGREES 56 MINUTES 25 SECONDS, AN ARC DISTANCE OF 67.01 FEET;

THENCE NORTH 51 DEGREES 17 MINUTES 00 SECONDS EAST, A DISTANCE OF 26.55 FEET TO A POINT:

THENCE NORTH 38 DEGREES 43 MINUTES 00 SECONDS WEST, A DISTANCE OF 10.00 FEET TO A POINT;

THENCE NORTH 51 DEGREES 17 MINUTES 00 SECONDS EAST, PASSING AT 20.00 FEET THE SOUTHERLY SOUTHWEST CORNER OF LOT 4, BLOCK 1, OF THE AFOREMEN-TIONED WAL-MART ADDITION AND CONTINUING ALONG THE SOUTHERLY LINE OF LOT 4, A TOTAL DISTANCE OF 107.57 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 185.00 FEET, AND WHOSE LONG CHORD BEARS NORTH 71 DEGREES 06 MINUTES 03 SECONDS EAST, A DISTANCE OF 125.44 FEET;

THENCE ALONG SAID CURVE AND SAID SOUTHERLY LINE THROUGH A CENTRAL ANGLE OF 39 DEGREES 38 MINUTES 05 SECONDS, AN ARC DISTANCE OF 127.97 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, CONTINUING ALONG SAID SOUTHERLY LINE, A DISTANCE OF 73.72 FEET TO A POINT;

THENCE SOUTH 00 DEGREES 55 MINUTES 05 SECONDS WEST, LEAVING SAID SOUTHERLY LINE, A DISTANCE OF 10.00 FEET TO A POINT;

August 3, 2000                    7

THENCE SOUTH 89 DEGREES 04 MINUTES 55 SECONDS EAST, A DISTANCE OF 10.00 FEET TO A POINT AT THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 35.00 FEET AND WHOSE LONG CHORD BEARS NORTH 45 DEGREES 55 MINUTES 05 SECONDS EAST, A DISTANCE OF 49.50 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 90 DEGREES 00 MINUTES 00 SECONDS, AN ARC DISTANCE OF 54.98 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, A DISTANCE OF 5.00 FEET TO A POINT;

THENCE NORTH 89 DEGREES 04 MINUTES 55 SECONDS WEST, A DISTANCE OF 15.00 FEET TO A POINT IN THE EASTERLY LINE OF AFOREMENTIONED LOT 4;

THENCE NORTH 00 DEGREES 55 MINUTES 05 SECONDS EAST, ALONG SAID EASTERLY LINE, A DISTANCE OF 46.87 FEET TO A POINT AT THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 160.00 FEET AND WHOSE LONG CHORD BEARS NORTH 20 DEGREES 33 MINUTES 31 SECONDS WEST, A DISTANCE OF 117.16 FEET;

THENCE ALONG SAID CURVE AND SAID EASTERLY LINE THROUGH A CENTRAL ANGLE OF 42 DEGREES 57 MINUTES 13 SECONDS, AN ARC DISTANCE OF 119.95 FEET TO A POINT AT THE END OF SAID CURVE;

THENCE NORTH 42 DEGREES 02 MINUTES 08 SECONDS WEST, CONTINUING ALONG SAID EASTERLY LINE, A DISTANCE OF 41.12 FEET TO A POINT;

THENCE NORTH 48 DEGREES 55 MINUTES 22 SECONDS EAST, LEAVING SAID EASTERLY LINE, A DISTANCE OF 9.50 FEET;

THENCE NORTH 42 DEGREES 02 MINUTES 08 SECONDS, A DISTANCE OF 80.01 FEET TO A POINT IN THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF LOOP 288 (120 FOOT PUBLIC R.O.W.), SAID POINT BEING THE BEGINNING OF A CURVE TO THE LEFT HAVING A RADIUS OF 2924.76 FEET AND WHOSE LONG CHORD BEARS NORTH 48 DEGREES 30 MINUTES 12 SECONDS EAST, A DISTANCE OF 36.00 FEET;

THENCE ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 00 DEGREES 42 MINUTES 19 SECONDS, AN ARC DISTANCE OF 36.00 FEET TO THE POINT OF BEGINNING AND CONTAINING 47,331 SQUARE FEET OR 1.09 ACRES OF LAND.

Prior Lien(s) (including recording information):

August 3, 2000                    8

B6B (Official Form 6B) (12/07)

In re    **Denkin LLC**                                                              ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        **0.00**
(Total of this page)

  **3**    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Denkin LLC** _____,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Administrative Expense Proof of Claim No. 110-1, In re RoomStore, Inc. (Bankr. E.D. Va. Case No. 11-37790), filed June 29, 2012** | - | 17,511.08 |

|  | | | Sub-Total > | 17,511.08 |
|---|---|---|---|---|
|  | | | (Total of this page) | |

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Denkin LLC**                                                                        ,    Case No. _____
                                   Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Lease Rejection Proof of Claim No. 150-1, In re RoomStore, Inc. (Bankr. E.D. Va. Case No. 11-37790), filed September 10, 2012** | - | 157,301.22 |
| | | **Breach of Lease Proof of Claim No. 1530, In re RoomStore, Inc. (Bankr. E.D. Va. Case No. 11-37790), filed March 29, 2012** | - | 43,258.47 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >       **200,559.69**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Denkin LLC**                                                            ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| | Sub-Total > | **0.00** |
| | (Total of this page) | |
| | Total > | **218,070.77** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **Denkin LLC** _____,    Case No. _____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **xxxxxx9073** | | | | **August 4, 2000** | | | | | |
| **PointBank** **200 South Highway 377** **Pilot Point, TX 76258** | X | - | | **Deed of Trust** **1701 Brinker Rd, Denton, Texas 76208** **(see attached legal description)** | X | X | X | | |
| | | | | Value $              **1,700,000.00** | | | | **1,078,233.65** | **0.00** |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |

 **0** continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | **1,078,233.65** | **0.00** |
| Total (Report on Summary of Schedules) | **1,078,233.65** | **0.00** |

B6E (Official Form 6E) (4/10)

.

In re    **Denkin LLC**
_____,     Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

___1___   continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **Denkin LLC**                                                      ,    Case No. _____

_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | | |
| Account No. **182827DEN**<br><br>**Denton County Tax Assessor**<br>**1505 E McKinney St**<br>**Denton, TX 76209-4525** | - | | | **For notice purposes only** | | | | 0.00 | 0.00 | 0.00 |
| Account No.<br><br>**Department of the Treasury (IRS)**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | - | | | **For Notice Purposes Only** | | | | 0.00 | 0.00 | 0.00 |
| Account No. **xxxxxxx3911**<br><br>**Texas Comptroller of Public Accts**<br>**Bankruptcy Collections Division**<br>**P.O Box 12548**<br>**Austin, TX 78711-2548** | - | | | **2001-2013**<br><br>**Texas franchise tax reports** | X | X | X | **Unknown** | **Unknown** | **Unknown** |
| Account No. | | | | | | | | | | |
| Account No. | | | | | | | | | | |

| | | | |
|---|---|---|---|
| Sheet **1** of **1** continuation sheets attached to | Subtotal | 0.00 | |
| Schedule of Creditors Holding Unsecured Priority Claims | (Total of this page) | 0.00 | 0.00 |
| | Total | 0.00 | |
| | (Report on Summary of Schedules) | 0.00 | 0.00 |

B6F (Official Form 6F) (12/07)

In re    **Denkin LLC**                                                    ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **119-1**<br><br>**Alan J. Hostetter, Esq.**<br>**5001 Spring Valley Rd**<br>**Ste 1000E**<br>**Dallas, TX 75244** | | - | Legal services | X | X | | 15,720.40 |
| Account No. **xxx4451**<br><br>**ASG Security**<br>**12301 Kiln Ct**<br>**Ste A**<br>**Beltsville, MD 20705** | | - | For Notice Purposes Only | | | | 0.00 |
| Account No. **xx-xxxxxxxxx-xxxx5701**<br><br>**Atmos Energy Corporation**<br>**P.O. Box 650205**<br>**Dallas, TX 75265-0205** | | - | For Notice Purposes Only | | | | 0.00 |
| Account No. **xxx-xxx-8700**<br><br>**City of Denton, Texas**<br>**City Attorney's office**<br>**215 E McKinney**<br>**Denton, TX 76201** | | - | For Notice Purposes Only | | | | 0.00 |

<u>  1  </u>   continuation sheets attached

Subtotal
(Total of this page)                                                15,720.40

B6F (Official Form 6F) (12/07) - Cont.

In re    **Denkin LLC**
                                                                                    , Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | - | For Notice Purposes Only | | | | |
| **DFW Security P.O. Box 54301 Hurst, TX 76054** | | | | | | | 0.00 |
| Account No. **15-00423.001** | | - | Legal Services | | | | |
| **Spotts Fain PC (N. McCullagh Esq.) P.O Box 1555 (23218-1555) 411 E Franklin St, Ste 600 Richmond, VA 23219** | | | | X | X | | 25,820.70 |
| Account No. **1005** | | - | For Notice Purposes Only | | | | |
| **Triton Networks LLC PO Box 741044 Dallas, TX 75374** | | | | | | | 0.00 |
| Account No. | | - | For Notice Purposes Only | | | | |
| **U.S. EPA (Richard L Nagle) US EPA, Region 5 Mail Code: C-14J Chicago, IL 60604** | | | | | | | 0.00 |
| Account No. | | | | | | | |

Sheet no. __1__ of __1__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 25,820.70 |
| Total (Report on Summary of Schedules) | 41,541.10 |

B6G (Official Form 6G) (12/07)

.

In re   **Denkin LLC**                                                            ,   Case No. _____
                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Denkin LLC**                                                    ,    Case No. _____
Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **H.A. Denton, LLC**<br>**155 N Michigan Ave**<br>**Suite 529**<br>**Chicago, IL 60601**<br>   **Co-Maker on the Adjustable Rate Promissory**<br>**Note, dated August 4, 2000** | **PointBank**<br>**200 South Highway 377**<br>**Pilot Point, TX 76258** |
| **Jerrold Ruskin**<br>**155 N Michigan Ave**<br>**Suite 529**<br>**Chicago, IL 60601**<br>   **Limited Guaranty ($382,500.00)** | **PointBank**<br>**200 South Highway 377**<br>**Pilot Point, TX 76258** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re __Denkin LLC__                                         Case No. _____
                              Debtor(s)                      Chapter     __11__

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __21__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __March 28, 2013__                     Signature    __/s/ Jerrold Ruskin__
                                                          __Jerrold Ruskin__
                                                          __Managing Member__

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (12/12)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Denkin LLC**                                                                 Case No.
_____
Debtor(s)                                              Chapter    **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | 2013 YTD: |
| $203,743.00 | 2012: |
| $239,698.00 | 2011: |

---

**2. Income other than from employment or operation of business**

None ■  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

B 7 (12/12)

2

### 3. Payments to creditors

None
■

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12)                                                                                                                                    3

**5.  Repossessions, foreclosures and returns**

None

■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.  Assignments and receiverships**

None

■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None

■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None

■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**

None

■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9.  Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Ungaretti & Harris LLP 70 W. Madison Street Suite 3500 Chicago, IL 60602** | **03/12/2013, United Properties, Inc. (a non-debtor)** | **$2,000** |

**10.  Other transfers**

None ■    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None ■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None ■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B 7 (12/12)                                                                                                                    5

---

**15.  Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **155 N Michigan Ave, Ste 723, Chicago, IL 60601** | | **Approximately September 2010 - September 2012** |
| **155 N Michigan Ave, Ste 604, Chicago, IL 60601** | | **Prior to March 2010 - approximately September 2010** |
| **155 N Michigan Ave, Ste 529, Chicago, IL 60601** | | **Approximately September 2012 - present** |

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B 7 (12/12)                                                                                                          6

---

**18 . Nature, location and name of business**

None     a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
■        ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
         partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years**
         immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity
         securities within **six years** immediately preceding the commencement of this case.

         *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
         ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
         years** immediately preceding the commencement of this case.

         *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
         ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
         years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|-----|------|------|------|

None     b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|------|---------|

---

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has
been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or
owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole
proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above,
within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go
directly to the signature page.)*

---

**19. Books, records and financial statements**

None     a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or
□        supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|-------------------------|
| **Morrison & Morrison, Ltd.**<br>**19 S La Salle St, Ste 1100**<br>**Attn: Elaine Leonard**<br>**Chicago, IL 60603** | **Before March 2011 - present** |

None     b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the
■        books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|

None     c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records
□        of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **Jerrold Ruskin** | **155 N Michigan Ave**<br>**Suite 529**<br>**Chicago, IL 60601** |

B 7 (12/12)                                                                                                                    7

| NAME | ADDRESS |
|------|---------|
| **Morrison & Morrison, Ltd.** | **19 S La Salle St, Ste 1100**<br>**Attn: Elaine Leonard**<br>**Chicago, IL 60603** |

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
☐       issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| **PointBank**<br>**200 South Highway 377**<br>**Pilot Point, TX 76258** | **Jerrold Ruskin provided a personal financial statement which included the Debtor and its assets to PointBank in September 2012.** |

---

**20. Inventories**

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
■       and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|

None    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|-------------------------------------------------------|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
☐       controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|
| **Jerrold Ruskin**<br>**155 N Michigan Ave**<br>**Suite 529**<br>**Chicago, IL 60601** | **Managing Member** | **100%**<br>**Membership Interest** |

---

**22 . Former partners, officers, directors and shareholders**

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■       commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
■       immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

B 7 (12/12)                                                                                                                    8

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **March 28, 2013**                    Signature  **/s/ Jerrold Ruskin**
                                                        **Jerrold Ruskin**
                                                        **Managing Member**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court

## Northern District of Illinois

In re    **Denkin LLC**

_____,
                                                                          Debtor

Case No. _____

Chapter _____ **11** _____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Jerrold Ruskin**<br>**155 N Michigan Ave**<br>**Suite 529**<br>**Chicago, IL 60601** | | **100%** | **Membership Interest** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___ **March 28, 2013** _____          Signature __**/s/ Jerrold Ruskin**_____

                                                                                                   **Jerrold Ruskin**
                                                                                                   **Managing Member**

_Penalty for making a false statement or concealing property_:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

__0__ ___ continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Denkin LLC**
_____    Case No. _____
                                    Debtor(s)    Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____**15**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **March 28, 2013**
_____    **/s/ Jerrold Ruskin**
                            _____
                            **Jerrold Ruskin**/**Managing Member**
                            Signer/Title

Alan J. Hostetter, Esq.
5001 Spring Valley Rd
Ste 1000E
Dallas, TX 75244


ASG Security
12301 Kiln Ct
Ste A
Beltsville, MD 20705


Atmos Energy Corporation
P.O. Box 650205
Dallas, TX 75265-0205


City of Denton, Texas
City Attorney's office
215 E McKinney
Denton, TX 76201


Denton County Tax Assessor
1505 E McKinney St
Denton, TX 76209-4525


Department of the Treasury (IRS)
P.O. Box 7346
Philadelphia, PA 19101-7346


DFW Security
P.O. Box 54301
Hurst, TX 76054


H.A. Denton, LLC
155 N Michigan Ave
Suite 529
Chicago, IL 60601


Jerrold Ruskin
155 N Michigan Ave
Suite 529
Chicago, IL 60601


Minor & Jester, P.C.
515A S Carroll Blvd
P.O. Box 280
Denton, TX 76202

PointBank
200 South Highway 377
Pilot Point, TX 76258


Spotts Fain PC (N. McCullagh Esq.)
P.O Box 1555 (23218-1555)
411 E Franklin St, Ste 600
Richmond, VA 23219


Texas Comptroller of Public Accts
Bankruptcy Collections Division
P.O Box 12548
Austin, TX 78711-2548


Triton Networks LLC
PO Box 741044
Dallas, TX 75374


U.S. EPA (Richard L Nagle)
US EPA, Region 5
Mail Code: C-14J
Chicago, IL 60604

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Denkin LLC**
_____

Debtor(s)

Case No. _____

Chapter    **11** _____

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    __Denkin LLC__    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Jerrold Ruskin
155 N Michigan Ave
Suite 529
Chicago, IL 60601**

☐ None [*Check if applicable*]

**March 28, 2013**
_____

Date

**/s/ George R. Mesires**
_____

**George R. Mesires 6276952**

Signature of Attorney or Litigant

Counsel for    **Denkin LLC**

**Ungaretti & Harris LLP
70 W. Madison Street
Suite 3500
Chicago, IL 60602-4224
312-977-4400 Fax:312-977-4405
grmesires@uhlaw.com**

## WRITTEN CONSENT OF THE MANAGER OF
## DENKIN, LLC

The undersigned, being the sole Member and Manager of Denkin LLC, a Delaware limited liability company (the "Company"), pursuant to the laws of the State of Delaware and the authority of the Limited Liability Company Agreement of the Company, hereby waives all required notices and adopts the following recitals and resolutions in lieu of a meeting:

WHEREAS, the undersigned has reviewed and analyzed materials and advice presented by the Company's outside advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Company and the sale, restructuring and other strategic alternatives available to the Company, and the impact of the foregoing on the business of the Company;

WHEREAS, the undersigned has determined that it is in the best interests of the Company, its creditors, and other interested parties that the Authorized Representative (as defined below) be granted authority to file a petition on behalf of the Company seeking voluntary relief under the provisions of chapter 11 of title 11 of the United States Code ("Chapter 11") in the United States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Bankruptcy Court") or such other jurisdiction as advisors to the Company may recommend (such petition for relief and all subsequent filings, the "Chapter 11 Case");

NOW THEREFORE, IT IS HEREBY:

RESOLVED, that in the judgment of the undersigned it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company in the Bankruptcy Court seeking relief under the provisions of Chapter 11, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby;

FURTHER RESOLVED, that Jerrold Ruskin, the Company's manager, be appointed by the Company as the authorized signatory in connection with the Chapter 11 Case authorized herein;

FURTHER RESOLVED, that Jerrold Ruskin be with full authority to act and hereby is, authorized, empowered and directed, on behalf of the Company, to execute and verify a petition for relief under Chapter 11 and to cause the same to be filed in the Bankruptcy Court in such form and at such time as Jerrold Ruskin executing said petition on behalf of the Company shall determine;

FURTHER RESOLVED, that Jerrold Ruskin hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other related action, that he deem reasonably necessary, appropriate or advisable in connection with the Chapter 11 Case;

4822-5337-2179.1

FURTHER RESOLVED, that Jerrold Ruskin hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the actions and transactions contemplated by the foregoing resolution, and any modifications or supplements thereto, all such materials to be in the form approved by Jerrold Ruskin, the execution and delivery thereof to be conclusive evidence of such approval;

FURTHER RESOLVED, that the firm of Chuck Green & Associates ("CG&A") be, and hereby is, employed as a real estate broker for the Company in connection with the Chapter 11 Case;

FURTHER RESOLVED, that the law firm of Ungaretti & Harris LLP ("Ungaretti & Harris") be, and hereby is, employed under a general retainer as attorneys for the Company in the Chapter 11 Case;

FURTHER RESOLVED, that Jerrold Ruskin hereby is, authorized and directed to employ such further individuals or firms as professionals or consultants (any such further individuals or firms, together with CG&A and Ungaretti & Harris, the "Professionals") to the Company as are deemed necessary to represent or assist the Company in carrying out its duties under Chapter 11, and in connection therewith, Jerrold Ruskin is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate applicable for authority to retain the services of such Professionals;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by Jerrold Ruskin to seek relief on behalf of the Company under Chapter 11, or in connection with the Chapter 11 Case, or any matter related thereto, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

FURTHER RESOLVED, that any person dealing with Jerrold Ruskin in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of Jerrold Ruskin and by his or her execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of the members of the Company, where and as applicable, enforceable in accordance with its terms;

FURTHER RESOLVED, that Jerrold Ruskin hereby is, authorized and directed, for and on behalf of the Company, to pay all necessary and reasonable fees and expenses incurred in connection with the actions authorized by these resolutions;

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon Jerrold Ruskin, Jerrold Ruskin hereby is, authorized and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Company and to incur all such fees and expenses as in his judgment shall be necessary,

appropriate or advisable in order to carry out fully the intent and purposes of each and any of the foregoing resolutions; and

FURTHER RESOLVED, that any actions taken by Jerrold Ruskin heretofore or hereafter with respect to the matters contemplated by the foregoing resolutions are hereby ratified, confirmed and approved in all respects.

Dated:  March 28, 2013

JERROLD RUSKIN